UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Complaint of HMS JIMMY WAYNE LLC and BJOERN THOMAS NORHEIM as Owners of One 50.4 foot Sea Ray Model Fifty Four Power Vessel Documented as The "Valhalla III" Bearing Official Document Number 1116042,<br><br>      Plaintiffs-in-Limitation, | Case No.: 3:20-cv-01070-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

The matter pending before the Court is the Ex Parte Application for Approval of Plaintiff's Ad Interim Stipulation of Value filed by Plaintiffs-in-Limitation HMS Jimmy Wayne LLC and Bjoern Thomas Norheim. (ECF No. 2).

**I.   PROCEDURAL BACKGROUND**

On June 11, 2020, Plaintiffs-in-Limitation HMS Jimmy Wayne LLC and Bjoern Thomas Norheim filed a Complaint, as owners of the 50.4-foot Sea Ray Model Fifty Four Power Vessel documented as the "Valhalla III," bearing Document Number 1116042, and her engines, tackle, appurtenances, etc. (the "Vessel"), for exoneration from or limitation of liability, civil and maritime, pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 et seq., and within the meaning of Rule 9(h) and Supplemental Rule F of the Federal

1  Rules of Civil Procedure, for any and all claims or damages or losses occasioned or
2  incurred, or alleged to have been occasioned or incurred, from the collision with the 1995
3  Catalina 36-foot sloop sail boat documented under the name "Spirit of Constellation,"
4  bearing Document Number 1145125, on or about November 11, 2019 at the mouth of San
5  Diego Bay, as set forth and alleged in the Complaint. *See* ECF No. 1.

      On the same day, Plaintiffs-in-Limitation have filed an Ex Parte Application for Approval of Plaintiff's Ad Interim Stipulation of Value, moving for an order

    a. Approving PLAINTIFFS-IN-LIMITATION's stipulation of value;
    b. Directing notice;
    c. Issuing injunctive relief restraining all persons from prosecuting any claims for any act, matter or thing, loss, damage, injury or forfeiture, done, occasioned or incurred by reason of collision of November 10, 2019;
    d. Requiring that any and all persons who wish to assert claims arising out of the collision on November 10, 2019, file their respective claims with the Clerk of this Court at the United States Courthouse, Southern District of California, 333 West Broadway, Suite 420. San Diego, CA 92101 on or before _____, 2020 by 5 p.m. in writing, under oath and serving those claims on the PLAINTIFFS-IN-LIMITATION's attorneys, David R. Hunt, Esq., of Anderson, McPharlin & Conners LLP, 707 Wilshire Blvd., Suite 4000, Los Angeles, CA 90017, and, should they wish to contest PLAINTIFFS-IN-LIMITATION's exoneration from or limitation of liability to file an answer or other responsive pleading to the Complaint for Exoneration From or Limitation of Liability with the Clerk of Court and mail the answer to PLAINTIFFS-IN-LIMITATION's attorneys on or before the same date; and
    e. Requiring that public notice of the action and the need to file claims and answers, or other responsive pleadings, be published substantially in the form of Exhibit "A" hereto in the San Diego Union-Tribune newspaper, once a week for four consecutive weeks before the time runs to file claims or answers and that a copy of the notice be served at least 30 days before the claim and answer filing deadline on the respective attorneys for all persons who, at the time of making this Order, have filed libels or commenced suits for any act, matter or thing, loss, damage, injury or forfeiture, done, occasioned or incurred by reason of the collision of November 10, 2019, together with a copy of the Order issued on this application; and
    f. Enjoining the commencement or prosecution of any and all other suits, actions or proceedings of any kind whatsoever against the Vessel and/or

PLAINTIFFS-IN-LIMITATION and the Vessel's operator Paul W. Chapman (*see*, *In re Complaint of Paradise Holdings, Inc*., 795 F.2d 756 (1986)) with respect to any claim arising out of any act, matter or thing, loss, damage, injury or forfeiture, done, occasioned or incurred by reason of the collision on November 10, 2019, and staying and restraining any prior suits filed until the hearing and determination of this proceeding; and

g. Directing that this Order may be served as a restraining order through the United States Postal Service by mailing a conformed copy thereof to the person or persons to be restrained, or to their respective attorneys, or alternatively by hand.

(ECF No. 2 at 2-3).

## II.  DISCUSSION

Plaintiffs-in-Limitation has submitted an Affidavit by Plaintiff-in-Limitation Bjoern Thomas Norheim, stating that "[t]he market value of the Vessel at the time of the incident and thereafter, along with all pending equipment and freight, was and is three hundred thousand dollars ($300,000.00)."  (ECF No. 2-2 at 2).  Plaintiffs-in-Limitation have submitted an Ad Interim Stipulation of Value and Costs and Letter of Undertaking as security for the Vessel, in the amount of "three hundred thousand and five hundred dollars ($300,500.00), which is the sum of *ad interim* stipulated value of the Vessel and the costs required to be deposited by court rule …."  (ECF No. 2-3 at 2) (emphasis in original). Rather than depositing a sum equal to the Vessel's value with the Court, Plaintiffs-in-Limitation stipulated the willingness to pay up to $300,000.00 for any liability in this action, with whatever cost, interest, and other sums the Court finds necessary to carry out the statute.  The Supreme Court has approved the use of this kind of security in limitation actions. *See Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co.,* 273 U.S. 207, 218-19 (1927) ("Whenever a stipulation is taken in an admiralty suit, for the property subjected to legal process and condemnation, the stipulation is deemed a mere substitute for the thing itself, and the stipulators liable to the exercise of all those authorities on the part of the court, which it could properly exercise, if the thing itself were still in its custody." (quoting *The Palmyra,* 25 U.S. (12 Wheat.) 1, 10 (1827))).

It appears that claims will be made against Plaintiffs-in-Limitation for losses or damages arising out of, or in some manner connected with the matters set forth in the Complaint.

Plaintiffs-in-Limitation will now deposit with this Court, for the benefit of the claimants, the sum of Five Hundred Dollars ($500.00) as security for court costs under Local Civil Rule F.l.

Plaintiffs-in-Limitation have complied with Supplemental Admiralty Rule F(l) requiring posting security for the Vessel and any pending freight. This ruling is without prejudice to the due appraisal of Plaintiffs-in-Limitation's interest in the Vessel and pending freight, and any claimant's demand the deposit or security be increased in accordance with Supplemental Admiralty Rule F(7). Pursuant to Rule F(7), any claimants who may properly become a party hereto may contest the amount or value of Plaintiffs-in-Limitation's interest in the subject Vessel, and its pending freight, and may move the Court for due appraisal of said interest and may apply to have the amount of said stipulation increased or diminished as the case may be.

### III.   CONCLUSION

IT IS HEREBY ORDERED that the Ex Parte Application for Approval of Plaintiff's Ad Interim Stipulation of Value filed by Plaintiffs-in-Limitation HMS Jimmy Wayne LLC and Bjoern Thomas Norheim (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall forthwith accept from Plaintiffs-in-Limitation such sums as are required to be deposited with the Complaint pursuant to the Supplemental Rules for Certain Admiralty and Marine Claims F(l).

IT IS FURTHER ORDERED that

1. Pursuant to Rule F(3) of the *Supplemental Rules for Certain Admiralty and Maritime Claims,* except as filed in this proceeding, the commencement or prosecution of any and all suits, actions, or legal proceedings of any nature and description, presently ongoing or to be filed in the future, against Plaintiffs-in-Limitation, the Vessel, and/or the Vessel's operator Paul W. Chapman as a result of the collision described

in the Complaint is enjoined and said proceedings are to be stayed and restrained until the hearing and determination of this proceeding;

2. Pursuant to Rule F(4) of the *Supplemental Rules for Certain Admiralty and Maritime Claims,* a monition shall issue out of and under seal of this Court.  All persons and entities asserting any claim against Plaintiffs-in-Limitation or the Vessel for any loss, damage, or injury arising out of, resulting from, or in any manner connected with the matters set forth in the Complaint are admonished to appear and file their respective claims and answer the allegations of the Complaint with the Clerk of this Court at the United States Courthouse located at 333 West Broadway, San Diego, California 92101 in writing, and to serve a copy thereof on the attorneys for Plaintiffs-in-Limitation, on or before August 17, 2020 or be deemed in contumacy and default, and that when all proceedings have been completed, if it shall appear that the Plaintiffs-in-Limitation are not liable for any such loss or damage, it may be finally so decreed by this Court;

3. Plaintiff-in-Limitation shall publish a notice once a week for four (4) successive weeks prior to the date affixed for the filing of claims, in *The San Diego Union-Tribune,* a newspaper of general circulation printed and published in the County of San Diego, California, substantially in the form set forth below:

Notice to Interested Parties: Plaintiffs-in-Limitation HMS JIMMY WAYNE LLC and Bjoern Thomas Norheim ("Plaintiffs-in-Limitation"), as owners of the 50.4-foot Sea Ray Model Fifty Four Power Vessel documented as the "Valhalla III," bearing Document Number 1116042, and her engines, tackle, appurtenances, etc. (the "Vessel"), filed a Complaint pursuant to the Limitation of Liability Act, 46 U.S.C., section 30501, et seq., claiming the right to exoneration from and/or limitation of liability for all claims against it for injury or other damage resulting from the collision involving the Vessel and the 1995 Catalina 36-foot sloop sail boat documented under the name "Spirit of Constellation," bearing Document Number 1145125, on or about November 11, 2019 at the mouth of San Diego Bay.

Any person or legal entity who has or may have such a claim must, on or before August 17, 2020, file the claim with the Clerk of the U.S. District

Court, Southern District of California, under the title of "In the Matter of the Complaint of HMS JIMMY WAYNE LLC and BJOERN THOMAS NORHEIM, et al" and Case Number 3:20-cv-01070-WQH-AGS. Any such claim must comply with the requirements of Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure. A copy must also be served on or mailed to counsel of Plaintiffs-in-Limitation, David R. Hunt, Esq., of Anderson, McPharlin & Conners LLP, 707 Wilshire Blvd., Suite 4000, Los Angeles, CA 90017.

Any claimant who desires to contest Plaintiffs-in-Limitation's right to exoneration from and/or limitation of liability shall file and serve an answer to the Complaint in the above-referenced matter on or before August 31, 2020, unless such answer is included in the claim. This notice is published pursuant to the order of said Court, Honorable William Q. Hayes, dated July 2, 2020, and Rule F(4) of the Supplemental Rules for Admiralty or Maritime Claims.

4. Plaintiffs-in-Limitation, pursuant to Rule F(4) of the *Supplemental Rules for Certain Admiralty and Maritime Claims,* shall no later than the date of the second publication mail a copy of the Complaint and this Order to every person and entity known to have asserted a claim against Plaintiffs-in-Limitation or the Vessel, arising out of, resulting from, or in any manner connected with the Complaint in this action and in those cases where the person or entity making the claim is known to have an attorney, the Complaint shall be mailed to such attorney;

5. The publication and mailing described herein shall constitute due notice to all persons asserting claims arising out of or in any way relating to that which the Complaint herein seeks exoneration from, or limitation of, liability;

6. Service of this Order as a restraining order may be accomplished by mailing a copy of this executed Order to the persons to be restrained, or their attorneys acting on their behalf.

IT IS SO ORDERED.

Dated: July 2, 2020

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court